**CASE DESCRIPTION – SUPERIOR COURT** DEC 1 3 2019

Case Number: 4FA-19-02963CI

| Type of Action     Deputy | For Court Use Only | |
|---|---|---|
| Check the box that best describes the case. Mark **one** box only. For district court cases, use form CIV-125D. | Case Type | Action Code |
| **Domestic Relations** | | |
| Divorce With Children (or Pregnant) | Div or Cust w/Children | CISDVC |
| Divorce Without Children | Divorce Without Children | CISDIV |
| Uncontested Divorce With Children (or Pregnant) | Div or Cust w/Children | CISUDVC |
| Uncontested Divorce Without Children | Divorce Without Children | CISUDIV |
| Custody (Unmarried Parents) | Div or Cust w/Children | CISCUS |
| Uncontested Custody (Unmarried Parents) | Div or Cust w/Children | CISUCUS |
| Visitation by Person Other than Parent | Domestic Relations Other | CIVIS |
| Property Division – Unmarried Partners | Domestic Relations Other | CISPROP |
| Legal Separation With Children (or Pregnant) | Legal Separation | CICLS |
| Legal Separation Without Children | Legal Separation | CISLS |
| Annulment | Domestic Relations Other | CIANNUL |
| Paternity - Establishment | Domestic Relations Other | CISPAT |
| Paternity - Disestablishment | Domestic Relations Other | CIDPAT |
| Genetic Testing - Failure to Comply with Order for Testing | Domestic Relations Other | CIOSCP |
| Administrative Child Support Order – Modification or Enforcement | Domestic Relations Other | CIPCS |
| PFD or Native Dividend Case | Domestic Relations Other | CIPND |
| Foreign Support Order - Registration, Modification or Enforcement under AS 25.25 | Domestic Relations Other | CIUIFSA |
| Foreign Custody Order – Registration, Modification or Enforcement under AS 25.30 | Domestic Relations Other | DR483 |
| Both Foreign Custody & Support Order – Registration, Modification or Enforcement under AS 25.30 and AS 25.25 | Domestic Relations Other | CIFCS |
| Foreign Domestic Relations Order (Not Custody or Support) – Registration, Modification or Enforcement | Domestic Relations Other | CIDRFJ |
| **Landlord/Tenant** | | |
| Eviction (May Include Rent or Damages) | Eviction-Superior Court | CISFED |
| Other Landlord/Tenant (No Eviction) | Civil Superior Court | CISLT |
| **Debt/Contract** | | |
| Debt Collection | Civil Superior Court | CISDEB |
| Claim by Buyer Against Seller of Goods/Services | Civil Superior Court | CISCLAIM |
| Employment – Discrimination | Civil Superior Court | CISEMPD |
| Employment – Other Than Discrimination | Civil Superior Court | CISEMP |
| Other Contract | Civil Superior Court | CISOCT |
| **Real Property Actions** | | |
| Condemnation | Civil Superior Court | CISCNDM |
| Foreclosure | Civil Superior Court | CISFOR |
| Quiet Title | Civil Superior Court | CISOIT |
| Real Property Tax Foreclosure | Superior Court Misc Petition | CISTAX |
| Other Real Estate Matter | Civil Superior Court | CISREM |
| **Foreign Judgment** | | |
| Registration of Foreign Judgment – SEE DOMESTIC RELATIONS FOR FOREIGN **SUPPORT/CUSTODY** ORDERS | Foreign Judgment Superior Ct | CISFOJ |

CIV-125S (1/18)(cs)
CASE DESCRIPTION FORM – SUPERIOR COURT

**Exhibit A, Page 1 of 6**
Page 1 of 2

# IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## FOURTH JUDICIAL DISTRICT AT FAIRBANKS

CECILIA LAMEDA HUDSON,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
DENA' NENA' HENASH, a Non-Profit　　　)
Corporation, dba TANANA CHIEFS　　　　) Case No. 4FA-19- 02963 ___ CI
CONFERENCE,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　) **SUMMONS AND**
　　　　　　　　　Defendant.　　　　　) **NOTICE OF JUDICIAL ASSIGNMENT**

TO DEFENDANT:　**DENA' NENA' HENASH, a Non-Profit Corporation, dba TANANA CHIEFS CONFERENCE**

You are hereby summoned and required to file with the Court a written Answer to the Complaint which accompanies this summons. Your Answer must be filed with the court at 101 Lacey St., Fairbanks, AK. 99701 within 20 days* after the day you receive this Summons. A copy of your Answer must be sent to plaintiff's attorney: <u>Brad Kane, Esq. whose address is: 1154 S. Crescent Heights Blvd. Los Angeles, CA 90035.</u> If you fail to file your Answer within the required time, a Default Judgment may be entered against you for the relief demanded in the Complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court - OR - If you have an attorney, the attorney must comply with Alaska R. Civil P.5(i).

## NOTICE OF JUDICIAL ASSIGNMENT

TO:　Plaintiff and Defendant
　　　This case has been assigned to Judge ___Temple___.

CLERK OF COURT

By _____
　　Deputy Clerk

If you have been served with this Summons outside the United States, you have 40 days to file your Answer.

Civ-100 FBKS (10/05) (st.3)　　　　　　　　　　Civil Rules 4, 5, 12, 42© 55
SUMMONS

Brad S. Kane, Esq.
Kane Law Firm
1154 S. Crescent Heights Blvd.
Los Angeles, CA 90035
Phone (323) 937-3291
Facsimile (323) 571-3579
*bkane@kanelaw.la*
Attorney For Plaintiff Hudson

FILED In the Trial Courts
State of Alaska, Fourth District

DEC 1 3 2019

By_____Deputy

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| CECILIA LAMEDA HUDSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DENA' NENA' HENASH, a Non-Profit )<br>Corporation, dba TANANA CHIEFS )<br>CONFERENCE, )<br>)<br>_____Defendant. ) | Case No. 4FA-19-02963 CI |

## CIVIL COMPLAINT

Plaintiff CECILIA LAMEDA HUDSON ("Hudson"), by and through counsel, Brad S.

Kane of the Kane Law Firm, complains against Defendant DENA' NENA HENASH, a Non-

Profit Corporation, dba Tanana Chiefs Conference ("TCC") as follows:

1.      From June 22, 2015 to December 4, 2017, TCC employed Hudson as a one of

three patient care Travel Coordinators.

2.      TCC, among many other activities, provides health services to people living in

forty-two (42) villages, most without road access. During normal business hours, Hudson and

two (2) co-workers fielded pre-screened calls from doctors and health aids seeking approval for

either: (i) Medivac or urgent medical transportation; or (ii) Charter or non-urgent medical

transportation. During the on-call period, the calls were pre-screened by an answering service so

**Exhibit A, Page 3 of 6**

only "urgent" medical transportation went to the on-call person.

3.     Given the sensitive patient health care information involved, Hudson and her co-workers were required to use secure TCC computers to check on patients' eligibility under either TCC insurance or Medicaid. They also had to make multiple calls to doctors, health aids, insurers and Medicaid to resolve any situation.

4.     Given the potentially life threatening situations involved, Hudson and her two (2) co-workers rotated the afterhours responsibility on a weekly basis for: (i) possession at all times of the designated cell phone and responding as soon as possible to all requests; and (ii) possession and use of the TCC's secure laptop weighing 15 to 20 pounds.

5.     As a result, every third week, TCC required that Hudson be "always on-call" or responsible to respond twenty-four (24) hours per day for a seven (7) day period.

6.     Hudson received an average of three (3) to five (5) calls during the on-call period each day or twenty-seven (27) calls per week (between the end of her normal work hours and the start of the next business day).

7.     The burden on Hudson was heavy: (i) the phone calls would wake her husband, so Hudson could not sleep in her own bed with him. Instead, each on-call week, she had to sleep downstairs on the couch; (ii) the frequent calls prevented her from getting more than five (5) hours of sleep per night. She did not sleep well on the couch, even if the designated phone did not ring, because she was tense waiting for it to ring. Finally, after a call it was difficult to go back to sleep; (iii) she gave up shopping for groceries during her on-call week, because she was tired of leaving full shopping carts and rushing home to handle calls; (iv) she gave up going out socially on her on-call week, because it was not practical to go out and then rush home to the secure laptop, while leaving her husband behind; (v) she also had to stop going to her son's

basketball games during her on-call weeks for the same reason; (vi) Hudson and her co-workers don't even try to entertain on holidays due to the increased volume of calls. For example, one year, Hudson's Thanksgiving dinner ended up even not getting cooked due to large call volume. Unfortunately, serious accidents seem all too common during the holidays as more people than usual are traveling and celebrating; and (vii) the heavy portable laptop was kept on the dinner table for each entire on-call week as it was too difficult for Hudson to carry around with her.

8.    On December 4, 2017, when Hudson's employment with TCC ended, TCC failed to compensate Hudson for any of the "on-call" time worked in violation of the Federal Fair Labor Standards Act, 29 U.S.C 201 et al; 29 C.F.R. 785.17; *Pabst v. Oklahoma Gas & Electric Co.*, 228 F.2d 1128, 1132 (10th Cir. 2000); *Owens v. Local No. 169, Ass'n of Western Pulp & Paper Workers*, 971 F.2d 347, 350-354 (9th Cir. 1992); *Renfro v. City of Emporia*, 948 F.2d 1529, 1537–38 (10th Cir.1991); *Cross v. Arkansas Forestry Comm'n, 938 F.2d 912*, 916–17 (8th Cir.1991) In addition, Hudson is entitled to: (i) unpaid overtime wages under AS 23.10.060, and 23.10.110; (3) liquidated damages under AS 23.10.060, and 23.10.110, and (4) civil penalties under AS 23.05.140(d).

9.    On March 27, 2018, Hudson filed a claim against TCC with the Alaska Department of Labor, Wage and Hour Administration ("DOL"). During the pendency of DOL's investigation and handling of that claim, Hudson's wage claims were tolled. *Dayoff v. Temsco Helicopters, Inc.*, 772 P.2d 1085, 1087-88 n.6 (1989) ("the wage claims are not barred because they were filed within two years after DOL closed its files"). On or about December 13, 2019, DOL reassigned its file on Hudson's claim against TCC to the Kane Law Firm.

### PRAYER FOR RELIEF

WHEREFORE Hudson prays for a judgment in her favor and against TCC in an amount

in excess of the jurisdictional limit of this Court in unpaid wages, overtime, liquidated damages and penalties, stated for jurisdictional purposes, plus pre-judgment interest, costs, fees and such other and further relief as may be legal, just and equitable.

DATED this 12th day of December, 2019, at Los Angeles, California.

Brad S. Kane, Esq.
Attorney for Plaintiff Cecilia Lameda Hudson

By: _____ RBN 8706027

Brad S. Kane
Alaska Bar No. 9111089